**Paul D.S. EDWARDS, Plaintiff–
Appellant/Cross–Appellee,**

v.

**R. Norrison BEATTY; et al.,
Defendants–Appellees/Cross–
Appellants.**

Nos. 00–16235, 00–16473.

D.C. No. CV–99–01661–JBR.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument and denies Edwards' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Paul Edwards appeals pro se the summary judgment of the district court dismissing his claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, federal RICO, 18 U.S.C. § 1961–68, and Nevada state law. Defendant Credit Bureau Central ("CBC") cross-appeals the district court's denial of attorneys' fees under the FDCPA. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review summary judgment de novo. *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1074 (9th Cir.2001). We review the district court's determination of bad faith for clear error and its decision whether to award attorneys fees for an abuse of discretion. *Swanson v. S. Oregon Credit Svc., Inc.*, 869 F.2d 1222, 1229 (9th Cir. 1989).

Because Edwards failed to proffer evidence to support his claim that the commercial debt from his defunct business was converted into a consumer debt by CBC's collection activities, the district court properly granted summary judgment. *See Slenk*, 236 F.3d at 1075–76 (concluding that determination of nature of debt must be based on review of all facts and rejecting contention that debt was converted from commercial to consumer merely because creditor called debtor at his residence). Similarly, because CBC offered only innuendo to support its contention that Edwards brought the underlying action in bad faith, the district court did not abuse its discretion by denying attorneys'

fees. *See* 15 U.S.C. § 1692k(a)(3); *Swanson*, 869 F.2d at 1229.

Edwards' reliance on an unpublished disposition of this court is improper under Ninth Circuit Rule 36–3, and we have not considered these contentions. We have also deemed abandoned all claims in Edwards' complaint not addressed in his opening brief on appeal. *See Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir.2000).

Each party shall bear its own costs on appeal.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

